503 A.2d 1363
**In re CRIMINAL INVESTIGATION NO. 1–162 IN the CIRCUIT COURT FOR ANNE ARUNDEL COUNTY.**

**No. 1130, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Feb. 6, 1986.

Certiorari Granted April 21, 1986.

Dale P. Kelberman, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., and Gerald C. Ruter, Deputy State Prosecutor, on brief), Baltimore, for appellant.

David B. Irwin, Baltimore, and Kenneth H. Masters, Catonsville (John H. Morris, Jr., Venable, Baetjer & How-

ard, William A. Swisher, Baltimore, John W. Moyer and Gerald W. Soukup, Towson, on brief), for appellees.

Argued before GILBERT, C.J., and BLOOM and WEN-NER, JJ.

GILBERT, Chief Judge.

Immunity is a legal innoculation against prosecution. When permitted it allows a prosecutor to do for a witness what Dr. Jonas Salk did for mankind—protect him. Unlike Dr. Salk, the prosecutor extracts a *quid pro quo*—an amulet for an appellation.

 Maryland prosecutors, except for a few specific statutorily created instances, may not immunize witnesses. Despite a number of legislative attempts to vest immunization authority in prosecutors, the General Assembly has turned a deaf ear to the plaint.[1]

As Judge Moylan noted in *Butler v. State*, 55 Md.App. 409, 419, 462 A.2d 1230, 1234 (1983):

"Maryland has a few limited provisions, both constitutional and statutory, for the granting of immunity for certain specific crimes. *See for example*, Md.Const., art. IV, § 4B (Compelled Testimony Before Judicial Disabilities Commission); Article 27, Section 23 (Bribery of Public Officers); Article 27, Section 24 (Bribery in Athletic Contests); Article 27, Section 39 (Conspiracy to Bribe); Article 27, Section 262 (Gambling); Article 27, Section 371 (Lottery); Article 27, Section 400 (Obtaining Liquor by Minors); Article 27, Section 540 (Sabotage); Article 33,

---

**1.** Since 1978 the following bills would have authorized the State's Attorney, the Attorney General or State Prosecutor, as the case may be, to grant immunity to witnesses:

1978, S.B. No. 1285, died in committee.
1979, H.B. No. 981, unfavorable report.
1980, H.B. No. 197, unfavorable report.
1981, H.B. No. 519, unfavorable report.
1981, H.B. No. 968, unfavorable report.
1981, S.B. No. 482, unfavorable report.

Section 26–16(c) (Fair Election Practices). Maryland has also provided a 'use immunity' for one compelled to testify in a supplementary proceeding. Md.Cts. & Jud. Proc.Code Ann. § 9–119 and Maryland Rule 628c." [2]

The instant case is concerned specifically with Md.Ann. Code art. 27, § 262, which provides:

"No person shall refuse to testify concerning any gaming or betting because his testimony would implicate himself and he shall be a competent witness and compellable to testify against any person or persons who may have committed any of the offenses set forth under this subtitle, provided that any person so compelled to testify in behalf of the State in any such case shall be exempt from prosecution, trial and punishment for any and all such crimes and offenses of which such person so testifying may have been guilty or a participant and about which he was so compelled to testify."

Relying upon that statutory language, the State Prosecutor subpoenaed eleven witnesses to appear before the Grand Jury for Anne Arundel County. The witnesses, according to the State, were "to testify in an investigation of possible violations of the State's gambling laws." Each witness appeared at the designated time and place, and each was represented by his or her own attorney. Counsel, of course, remained outside the grand jury room. The witnesses were advised that "the scope of the grand jury's investigation included violations of the State's gambling laws and that is the subject about which each would be questioned." The State then informed the witnesses that "by operation" of Md.Ann.Code art. 27, § 262, he or she "was exempt from prosecution, trial and punishment for any and all crimes about which the witness was compelled to testify." The witnesses, after stating their identities and addresses, invoked the right to remain silent and not incriminate themselves. The State sought to have the circuit

---

**2.** Former Md.Rule 628c has been replaced by Rule 2–633. The language proscribing prosecution does not appear in Rule 2–633.

court compel the witnesses to answer. Judge Bruce C. Williams rejected the State's motion and this appeal ensued.

This Court is asked to hold that the circuit court erred in permitting a "mere witness" to challenge the jurisdictional authority of the grand jury, and limiting the immunity conferred by Md.Ann.Code art. 27, § 262 "only to gambling offenses." In light of our disposition of the immunity issue, we need not and do not address the jurisdictional question. See, however, *In re Special Investigation No. 224*, 54 Md.App. 137, 147, 458 A.2d 454, 459 (1983); *In re Special Investigation No. 237*, 54 Md.App. 201, 203, 458 A.2d 450, 452 (1983).

■ The State contends that Md.Ann.Code art. 27, § 262 allows it to grant immunity to any witness for any crime. To support its position the State urges that we read the words "shall be exempt from prosecution, trial and punishment for any and all such crimes and offenses of which such person so testifying may have been guilty or a participant and about which he was compelled to testify" to be without limitation. The State would have us decide that those words mean that immunity applies to any and all questions put to the witness by the prosecution. Apparently, the State wants the courts to do what the legislature has steadfastly refused to do—expand the area in which immunity may be conferred by prosecutors.[3] We decline to do so.

■ When, where, and why immunity is to be conferred upon perpetrators of criminal acts is a matter for the legislature to determine. That the General Assembly has been reluctant to broaden the prosecutorial power to grant immunity is not without understanding. The concept of immunity is directed point blank at one of nature's first laws—self-preservation. No one can seriously doubt that a witness's memory and imagination might be overstimulated by a grant of immunity in exchange for incriminating testimony concerning another. Patently, the legislature is

---

**3.** *See* note 1 *supra.*

aware that the prosecutorial tool of immunity may be misemployed. For that reason, it has carefully circumscribed its use.

We hold that prosecutors may not convert specific witness immunization statutes into fishing expeditions in matters extraneous to the express purpose of the particular statute. Perversion of statutory language to accomplish a prosecutorial purpose, no matter how laudatory, is proscribed.

JUDGMENT AFFIRMED.

COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.